United States District Court
Southern District of Texas
**ENTERED**
October 09, 2018
David J. Bradley, Clerk

**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § § | |
| Plaintiff, | § § | |
| v. | § § § | CIVIL ACTION NO. 4:16-CV-03245 |
| JC WINGS ENTERPRISES, L.L.C., JC WINGS, LTD., JG INVESTMENTS ENTERPRISES, L.L.C., JG INVESTMENTS, LTD., CK1 ENTERPRISES, L.L.C, and TEN LBS, LTD. d/b/a BAYOU CITY WINGS | § § § § § § § § | |
| Defendants. | § § | |

## CORRECTED CONSEN DECREE

1.      On November 3, 2016, the Equal Employment Opportunity Commission ("EEOC" or "Commission") filed its Original Complaint against Defendant JC Wings Enterprises, LLC, later amended to include Defendants JC Wings, Ltd., JG Investments Enterprises, LLC, JG Investments, Ltd., CK1 Enterprises, LLC, and Ten Lbs., Ltd. (collectively referred as "Defendants" or "Bayou City Wings"). The EEOC alleges that Defendants discriminated against applicants within the protected age group of over 40 years old ("PAG"), in violation of Section 4 of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(a). The Commission further alleged that Defendant had failed, in violation of Section 7(a) of the ADEA, 29 U.S.C. § 626(a) and 29 C.F.R. 1627.3(b)(1)(i), to make or preserve records, including the job applications, resumes and other forms of employment inquiry concerning unsuccessful applicants for

employment relevant to the determination of whether unlawful employment practices had been or are being committed.  Defendants filed their respective answers wherein all allegations were denied.

2.      This Consent Decree (hereafter "Decree") shall not constitute either an adjudication or finding on the merits of the Amended Complaint or Defendants' defenses and shall not be construed as an admission by any party of the claims or defenses of any other party.

3.      In the interest of resolving these matters, and after having engaged in settlement negotiations, the parties have agreed that this lawsuit should be finally resolved by entry of this Decree. The Commission will not use the Charge which gave rise to this lawsuit as the jurisdictional basis for filing any other lawsuit or lawsuits against Defendants and this Decree is intended to be the complete resolution of such Charge and of this lawsuit.

4.      This Decree fully and finally resolves any and all issues and claims arising out of the Amended Complaint filed by the Commission in this action.

## DEFINITIONS

5.      **Best Efforts**: Best Efforts means implementing and adequately funding a plan reasonably designed to comply with all of the specific objectives of this Decree.

6.      **Covered Restaurant**: Covered Restaurant means each of the three restaurants currently operated by one or more of the Defendants under the name "Bayou City Wings" at the following three locations:

Baytown:  5003 Garth Road, Baytown, Texas 77521;

Pasadena: 3800 Spencer Highway A., Pasadena, Texas 77504, and

Fuqua: 12804 Gulf Freeway #100, Houston, Texas 77034.

In addition, a Covered Restaurant includes any restaurant operated by any one or more of the

Defendants at any time during the duration of the Decree, including any restaurant that is newly established, renamed, or relocated during the term of the Decree and/or any restaurant in which any one or more of the Defendants is an owner, shareholder or member or for which any one or more of the Defendants provides administrative or management services at any time during the duration of the Decree.

7.     **Front-of-House Positions:** For purposes of this Decree, front-of-house ("FOH") positions include hosts, servers, bussers and bartenders.

8.     **New Hires**: For purposes of this Decree, a New Hire shall include a person hired into a full-time or part-time FOH job, whether permanent, temporary or seasonal, and shall include any employee promoted by Defendants. The definition shall also include the rehiring of any former employee of Defendants into a FOH position. A New Hire shall not include the transfer of an employee from one job title to another if such transfer does not constitute a promotion or an increase in pay.

9.     **Class Members**: For purposes of this Decree, a Class Member is (1) an applicant within the PAG; (2) who applied for an FOH position with one or more Defendants on or after January 1, 2008 to the date of this Decree; and 3) who is identified by the Commission, in its sole discretion, as a claimant to whom a monetary settlement will be paid in accordance with this Decree. The Class Members for whom a monetary settlement payment shall be made are: Stephanie Blair, Jane Hudnell, Tamara Pomeleo, Angela Lemay, Sandra Listebarger, Janet Reaves, Regina Swavely and Donna Haynes.

## FINDINGS

10.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

a.      This Court has jurisdiction over the subject matter of this action and the parties.

b.      The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the Commission, Defendants, Class Members, and the public interest are adequately served and protected by this Decree.

c.      This Decree conforms to the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA and will be in the best interests of the parties, the claimants, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

<u>**SCOPE OF THE DECREE**</u>

11.     **Successors in Interest.** The terms of this Decree shall be binding upon all present and future directors, officers, managers, agents, successors and assigns of Defendants. The terms of this Decree apply to all Covered Restaurants, as defined in Paragraph 6 above.

<u>**INJUNCTIVE RELIEF**</u>

12.     **Injunction Prohibiting Age Discrimination and Retaliation.** Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert or participation with them are hereby enjoined from engaging in any employment practice in violation of the ADEA that discriminates against applicants or employees on the basis of age in hiring and all other employment practices. This Paragraph does not prohibit Defendants from complying nor impede their ability to comply with the other terms, conditions and paragraphs of this Decree.

13.     **Injunction Prohibiting Failure of Record Retention.** Defendants, their officers, agents, employees, successors, assigns and all persons acting in concert with them are enjoined from failing to make, keep, preserve, and retain all job applications, application materials (e.g.,

resumes, letters, written employment inquiries and all other writings pertaining to any job application submitted by an applicant in person or by email); communications between any one or more of the Defendants and any third party (e.g., job-posing website, newspaper, etc.) regarding recruitment efforts or advertisements for employment, and any other materials which reflect information provided to Defendants regarding job applicants, as required by the ADEA and its implementing regulations.

## **MONETARY RELIEF**

14.     **Settlement Fund.** Defendants shall pay the gross aggregate sum of **_$37,500.00_**, as back pay, ("Settlement Fund") to be distributed among the Class Members via certified check as follows:

| | |
|---|---|
| Stephanie Blair: | $7,805.56 |
| Jane Hudnell: | $9,865.18 |
| Tamara Pomeleo: | $3,406.39 |
| Angela Lemay: | $4,845.81 |
| Sandra Listebarger: | $2,831.56 |
| Janet Reaves: | $600.74 |
| Regina Swavely | $7,343.12 |
| Donna Haynes: | $801.64 |

Upon entry of this Decree, the Commission will provide counsel for Defendants the addresses of each Class Member to which each certified check is to be mailed.  "Certified check" shall include an attorney IOLTA check.

15.     **Notice of Payment.** Defendants, by and through their counsel of record, shall email or fax a copy of each Settlement Check to the Commission on the day the payments are mailed to the Class Members.

16.     **Returned Settlement Checks.** If envelopes from the mailing of any Settlement Check is returned with a forwarding address, Defendants shall re-mail the Settlement Check to the new address within three (3) business days. If no forwarding address has been provided, Defendants shall notify the Commission within ten (10) days of the date of return, and the Commission may attempt to obtain updated address information. If the Commission provides new address information, Defendants shall re-mail Settlement Checks within three (3) business days of receipt of the new address.

17.     **Reissuance of Settlement Checks.** If any Settlement Check issued to a Class Member is not cashed or deposited within thirty (30) days of its mailing and the check has not been returned, Defendants shall notify the Commission within ten (10) days following the expiration of the thirty-day period and place a stop payment on the original Settlement Check. The Commission may attempt to obtain updated address information. If the Commission provides new address information, Defendants shall reissue and deliver a replacement Settlement Check within ten (10) business days of receipt of the new address.

18.     **Redistribution.** Defendants shall promptly notify the Commission in writing of any Settlement Checks that are returned or are not cashed after a period of ninety (90) days has elapsed from the date on which the Settlement Checks were mailed. The Commission shall determine, in its sole discretion, how any remaining funds will be redistributed to Class Members or otherwise distributed. No portion of the Settlement Fund shall ever revert back to Defendants.

19.     **Costs**. All costs associated with the distribution of the Settlement Funds to Class Members shall be paid by Defendants, including without limitation, all postage costs related to the issuance and mailing of checks from the Settlement Fund and all costs associated with stopping payment on checks.

20.     **Tax Documents**. The fund will be subject to  federal income taxes. Defendants will issue to each classmember an Internal Revenue Service (IRS) Form 1099 no later than January 31, 2019.  No later than twenty (20) days from the date of entry of this Decree, the Commission will provide counsel for Defendants social security numbers for each Class Member.

**HIRING RELIEF AND RECRUITING**

21.     **Hiring Goals.** To ameliorate past discriminatory conduct alleged by the Commission, Defendants shall use Best Efforts, as defined in Paragraph 5 above, to hire FOH PAG applicants at each Covered Restaurant following the entry of this Decree. Defendants shall further use Best Efforts to assure that PAG FOH employees are reasonably represented across the Covered Restaurants and across all FOH positions rather than being concentrated predominantly in a single restaurant or in a specific FOH job. Defendants shall use Best Efforts to hire applicants in the PAG in the same proportion in which they apply.

22.     **Recruiting.** Defendants shall use Best Efforts to increase age diversity in their workforce by conducting targeted recruitment activities designed to attract applicants within the PAG. Acceptable recruiting efforts include, but are not limited to, producing and broadcasting BCW job announcements or advertisements that include images of actors or existing employees within the PAG on "Bayou City Wings TV" or other print media and via social media (including Bayou City Wings' Facebook, Twitter, Instagram and Snap Chat accounts), or placing FOH job announcements on job search sites such as www.nowcc.org, www.retirementjobs.com, or

www.seniorjobbank.org.

## HIRING PROCEDURES

23.     **Hiring Procedures.** Within thirty (30) business days following the entry of this Decree, Defendants shall have in place written hiring procedures specifically stating that applicants are to be evaluated solely based upon their qualifications, availability and interest in open positions, and not on age or any other factor protected by workplace discrimination laws.

24.     **Hiring Criteria.** Within thirty (30) business days following the entry of this Decree, Defendants shall have in place written objective hiring criteria which expressly prohibit hiring decisions which discriminate on the basis of membership in the PAG.

25.     **Same Hiring Standards Applied to All Applicants.** Defendants shall maintain the applications of all persons interested in FOH employment and screen and interview them in the same manner and based on the same standards. Defendants shall apply the same qualification standards, hiring criteria, and application process (including the same application documents) to all applicants, regardless of membership in the PAG.

26.     **Review by the Commission.** Within thirty (30) days of entry of this Decree, the Commission shall be provided with the documents described in Paragraphs 23-24. The Commission may provide comments and recommendations regarding the hiring procedures, hiring criteria, and complaint process developed and implemented by Defendants, and Defendants shall make all changes recommended by the Commission within fifteen (15) days of receipt of the Commission's assessment.

## POSTING OF NOTICES

27.     **Conspicuous Posting.** Within thirty (30) business days following entry of this Decree, Defendants shall post a laminated, 8.5 x 11 copy of the Notice attached as Exhibit "A-1"

to this Decree in a conspicuous location(s) easily accessible to and commonly frequented by applicants for employment and by employees at each Covered Restaurant. An acceptable location for this position is on a bulletin board in the hallway or next to the restrooms of each restaurant. If after entry of the Decree a new or existing restaurant becomes a Covered Restaurant, as defined in Paragraph 6 of the Decree, within five (5) days of becoming a Covered Restaurant, Defendants shall post the same in the same manner described in this Paragraph.

28.     **Continuous Posting for Term of Decree.** The Notices shall remain posted for the duration of the Decree, and Defendants shall ensure that the Notices are not altered, defaced or covered by any other material nor relocated to a location within a Covered Restaurant that is not a conspicuous location easily accessible to and commonly frequented by applicants for employment and by employees.

29.     **Certification to the Commission of Posting.** Defendants shall certify to the Commission in writing within thirty-five (35) business days after entry of this Decree that the Notices have been properly posted and identify the locations of the postings. Defendants shall also certify to the Commission in writing within thirty (30) business days after a location becomes a Covered Restaurant that copies of the Notice have been properly posted and identify the locations of the posting at the new Covered Restaurant. Defendants shall permit a representative of the Commission to enter their premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## RECORD KEEPING

30.     **Maintenance of Certain Records.** For the duration of the Decree, Defendants shall maintain in their original native format, as well as in any other format that Defendants create or maintain:

a.      For each Covered Restaurant, a database dedicated to all FOH applicants that contains:  each applicant's job application and application material (e.g., resume, letter, written employment inquiry and any other information provided by the applicant to Defendants pertaining to the job application); position applied for and location of position; date of application and interview (if any); interview notes and notes concerning applicant contacts; date of job offer  and position offered (if any); whether the job offer was accepted or rejected, and reason for rejection for employment, if not offered a position;

b.      Defendants shall collect the date of birth of all FOH applicants either on the application itself or in a separate document. The following statement shall accompany the requested age information: "The information is being requested for purposes of federal compliance."

c.      For each Covered Restaurant, a database dedicated to all FOH New Hires that contains: a completed BCW New Hire Information Form with each new employee's name, date of birth, social security number, address, telephone number; a government issued photo identification; date of hire, restaurant at which employed, position, discharge date, and reason for discharge, if applicable;

d.      A database dedicated to complaints of age-based discrimination, harassment or retaliation made by a FOH applicant or employee. This database shall contain: documents which show the date the complaint was made; the name of the complainant; the

restaurant location of the alleged complaint; the allegations of the complaint, and the actions taken by Defendants, if any, to address the matter;

  e. A database dedicated to FOH job advertisements and PAG recruitment efforts at all Covered Restaurants;

  f. Job descriptions, formal or informal, for each FOH position;

31. **Making Records Available for Inspection.** Defendants shall make all documents or records referred to in Paragraph 30 above available for inspection and copying within thirty (30) calendar days after the Commission so requests. The Commission may make such a request at any time during the term of this Decree. Defendants shall require all personnel to cooperate with and be interviewed by the Commission.

## REPORTING

32. **Semi-Annual Reports.** Within 180 days of entry of this Decree, and at six (6) month intervals thereafter for the duration of the Decree, Defendants shall provide "Semi-Annual Reports" to the Commission. Defendants' final Semi-Annual Report shall be due 60 days before the expiration of the Decree. Defendants' Semi-Annual Reports shall include the following information:

  a. For each Covered Restaurant, a copy of all applications, resumes, and cover letters and any other supporting documents submitted by applicants seeking FOH employment during the period covered by the report ("Reporting Period"). If not contained on the application, Defendants will provide the date of birth of each applicant.

  b. For each Covered Restaurant, a written listing identifying each FOH New Hire by name, date of birth, date of hire, position and restaurant to which they were hired;

c.      For each Covered Restaurant, a detailed description of Defendants' efforts to hire PAG individuals for FOH jobs. In the event that Defendants did not hire PAG individuals for FOH jobs in the proportion described in paragraph 21, an explanation as to why they did not;

d.      For each Covered Restaurant, a detailed description of Defendants' efforts to recruit PAG individuals for FOH jobs;

e.      For each Covered Restaurant, a description of all complaints or reports (oral or written) of age-based discrimination, harassment, or retaliation made to management and what specific actions Defendant(s) took to resolve the matter;

f.      A description of changes made during the Reporting Period to Defendants' application, interviewing, and hiring procedures, job descriptions or qualifications, or hiring criteria; and

g.      Certification that the Notices remain posted as required by Paragraphs 27-29.  If the location of posting(s) or method or manner in which Defendants have complied has changed during the Reporting Period, Defendants shall describe those changes.

## POLICY AGAINST DISCRIMINATION

33.      **Review and Revision of Policy.** Immediately upon the entry of this Decree, Defendants shall review their policies against discrimination and retaliation. Within sixty (60) days of the date of entry, Defendants shall revise the policy so that it includes, at minimum, the following:

a.      A prohibition against age discrimination and harassment with appropriate definitions and examples of prohibited actions;

b.      A prohibition against retaliation for complaining about age discrimination or harassment, or for hiring an applicant within the PAG, with appropriate definitions;

      c.     A provision that authorizes employees to complain of age discrimination, harassment, or retaliation to any person in the chain of command, Defendants' complaint hotline, the U.S. Equal Employment Opportunity Commission or/or the Texas Workforce Commission;

      d.     A statement that employees are not required to complain of age discrimination, harassment, or retaliation to any person against whom the complaint is made;

      e.     Provisions that clearly describe and require the Director of Operations and management to follow a complaint investigation process;

      f.     A provision that Defendants will protect the confidentiality of all discrimination, harassment, and retaliation complaints to the extent possible;

      g.     A provision that an employee found to have engaged in age discrimination, harassment, or retaliation, will be subject to discipline, up to and including termination;

      h.     A provision that an employee who complains of age discrimination, harassment, or retaliation, or who provide information related to such complaints, will not be retaliated against and that employees, managers or supervisors engaging in retaliation will be subject to discipline, up to and including termination; and

      i.     A provision that, promptly upon the conclusion of its investigation of a complaint, Defendants will communicate to the complaining party the results of the investigation and the remedial actions taken or proposed, if any.

34.    **Changes of the Policy by the Commission.** Within sixty (60) calendar days of entry of the Decree, Defendants shall provide the Commission with the policy required by Paragraph 33 above. The Commission will have twenty-one (21) calendar days to provide comments and recommendations on the policy and Defendants shall make all changes recommended by the Commission within fifteen (15) days of receipt of the Commission's

assessment. The inclusion of this Paragraph in this Decree does not represent the Commission's or the Court's approval of Defendants' policy against age discrimination, harassment, or retaliation.

35.     **Distribution to Employees.** Defendants shall distribute the revised anti-discrimination policy to all employees of all Covered Restaurants within fifteen (15) days of implementing the Commission's changes to the policy.

36.     **Distribution to New Hires.** Defendants shall distribute the revised anti-discrimination policy to the New Hires of all Covered Restaurants within fifteen (15) days of hire.

## TRAINING

37.     **Annual Training for Employees.** During the term of this Decree, Defendants shall provide annual training for all non-management employees regarding the ADEA's prohibition on discrimination based on age, (including, without limitation, discrimination in hiring, harassment, and other terms and condition of employment) and retaliation. The training shall be at least one (1) hour in duration. The first annual training shall take place within ninety (90) days after the Defendants have issued their employment policies as required by Paragraphs 35-36 above.

38.     **Management Training Sessions.** Defendants' owners, Director of Operation, all managers, and any other employees with any responsibility or input in hiring at any of the Covered Restaurants, responsibility or input in developing hiring and interviewing criteria, and responsibility or input in vetting applicants for employment and for enforcing Defendants' discrimination policy will participate in a separate training session regarding Defendants' responsibilities under the ADEA ("management training session"). The management training session shall be at least one (1) hour in duration. Defendant shall inform all employees who must participate in the training that failure to attend may be grounds for discipline.

39.     **Trainers and Curriculum.** All training required by this Section shall be conducted by an experienced employment law attorney or a third party trainer (person or group) with at least five years' experience providing workplace discrimination training. Defendants shall submit the name, address, telephone number, resume and training curriculum of the proposed trainer to the Commission at least (90) calendar days prior to the proposed date(s) of the first training sessions described in Paragraphs 37 and 38 of this Decree. The Commission shall have seven (7) days from the date of receipt of this information to accept or reject the proposed trainer and/or curriculum. If the Commission does not approve Defendants' designated trainer and/or curriculum, Defendants shall have fourteen (14) days to identify an alternate trainer and/or provide a new curriculum. The Commission shall then have seven (7) business days from the date of receipt of this information to accept or reject the alternate trainer and/or curriculum. If the parties ultimately cannot agree on a trainer or curriculum through good faith negotiation, they may seek the Court's assistance.

40.     **Certification of Training.** Defendants shall certify to the Commission, in writing, within thirty calendar (30) days after each employee training session and management training session has occurred that the training has taken place and that the required personnel have attended. Such certification(s) shall include: (i) the date, location and duration of the training; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a list of all persons currently employed at each of the Covered Restaurants. With this submission, Defendants shall also provide the Commission with copies of any and all pamphlets, brochures, outlines, slides (whether electronic or otherwise) and any other written material(s) provided to participants of each training session.

## DURATION OF DECREE AND RETENTION OF JURISDICTION

41.     All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of three (3) years immediately following entry of the Decree, provided, however, that if, at the end of the three (3) year period, any substantive disputes between the parties remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

42.     **Copy of Decree to Successors in Interest.** Defendants, and any successor(s) of Defendants, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendants, or with any successor of Defendants, prior to the effectiveness of any such acquisition, merger or successorship.  This Paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

43.     **Costs Borne by Each Party.** Each party to this Decree shall bear its own expenses, attorney's fees, and costs.

44.     **Severability.** If any provision of the Decree is found to be unlawful, only such provision shall be severed, and the remainder of the Decree shall remain in full force and effect.

45.     **Penalty of Perjury.** Every certification required by this Decree shall be made under oath or penalty of perjury by an officer or management employee of Defendants to the best of such officer or management employee's knowledge, information and belief.

46.     **Delivery of Documents.** All certifications, notifications, reports, and communications to the Parties shall be made in writing and notarized and e-mailed or faxed to the following persons:

Mary Curry, Paralegal, U.S. Equal Employment Opportunity Commission Houston District office, 1919 Smith Street, 6th floor, Houston, Texas 77002; telephone: (713) 651-4920; Facsimile: (713) 651-7995

SO ORDERED, ADJUDGED AND DECREED this 2nd  day of October, 2018

_____
THE HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND ENTRY REQUESTED:
FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION:


/s/ Claudia Molina-Antanaitis
CLAUDIA MOLINA-ANTANAITIS
Attorney-in-Charge
Bar No. (none – Maryland)
Southern Dist. Of Texas No. 1037069
Equal Employment Opportunity Commission
Houston District Office
1919 Smith St., 6th Floor
Houston, Texas 77002
 (713) 651-4976 (direct)
 (713) 651-7995 (fax)
claudia.molina@eeoc.gov



ORLANDO & ORLANDO, L.L.P.


By:/s/ Monica Schulz Orlando
   **MONICA SCHULZ ORLANDO**
   TBA #00794436
   440 Louisiana, Suite 1110
   Houston, Texas 77002
   Tel. (713) 521.0800
   Fax (713) 521.0842
   Email: monicaorlando@orlandollp.com


FOR DEFENDANTS JC WINGS ENTERPRISES, L.L.C.,
JC WINGS, LTD., JG INVESTMENTS
ENTERPRISES, L.L.C., JG INVESTMENTS,
LTD., CK1 ENTERPRISES, L.L.C, and
TEN LBS, LTD. d/b/a BAYOU CITY WINGS:

# EXHIBIT A-1

## NOTICE PURSUANT TO CONSENT DECREE
## FILED IN U.S. DISTRICT COURT FOR THE SOUTHERN
## DISTRICT OF TEXAS

1. Federal law requires that applicants for employment or employee shall not be discriminated against or harassed on the basis of race, color, national origin, sex, age, religion, or disability. Federal law also requires that there be no retaliation against any person because the person has opposed unlawful discrimination or harassment; filed a charge of discrimination, or testified or participated in any manner in any investigation, proceeding, or hearing regarding alleged discrimination or harassment.

2. Bayou City Wings is committed to a workplace free of discrimination, harassment and retaliation. It will not tolerate such acts. It supports and will comply with Federal workplace discrimination laws in all respects and will not retaliate against employees who have exercised their rights under the law.

**3.** Any applicant or employee who wishes to complain of illegal discrimination, harassment or retaliation may make that complaint to the **Bayou City Wings Complaint Hotline, the U.S. Equal Employment Opportunity Commission at** www.eeoc.gov **or to the Texas Workforce Commission at** www.twctexas.gov.

SIGNED this _____ day of _____, 2018.

JC Wings, LTD, by and through its General Partner, JC Wings Enterprises, LLC

_____
Charles Bryan, President

This NOTICE shall remain posted for thirty-six months from the date of signing.

## NOTICE PURSUANT TO CONSENT DECREE
## FILED IN U.S. DISTRICT COURT FOR THE SOUTHERN
## DISTRICT OF TEXAS

1. Federal law requires that applicants for employment or employee shall not be discriminated against or harassed on the basis of race, color, national origin, sex, age, religion, or disability. Federal law also requires that there be no retaliation against any person because the person has opposed unlawful discrimination or harassment; filed a charge of discrimination, or testified or participated in any manner in any investigation, proceeding, or hearing regarding alleged discrimination or harassment.

2. Bayou City Wings is committed to a workplace free of discrimination, harassment and retaliation. It will not tolerate such acts. It supports and will comply with Federal workplace discrimination laws in all respects and will not retaliate against employees who have exercised their rights under the law.

**3.** Any applicant or employee who wishes to complain of illegal discrimination, harassment or retaliation may make that complaint to the **Bayou City Wings Complaint Hotline, the U.S. Equal Employment Opportunity Commission at** www.eeoc.gov **or to the Texas Workforce Commission at** www.twctexas.gov.

SIGNED this _____ day of _____, 2018.

JG Investments, LTD, by and through its General Partner, JG Investments Enterprises, LLC

_____
Charles Bryan, President

This NOTICE shall remain posted for thirty-six months from the date of signing.

## NOTICE PURSUANT TO CONSENT DECREE
## FILED IN U.S. DISTRICT COURT FOR THE SOUTHERN
## DISTRICT OF TEXAS

1. Federal law requires that applicants for employment or employee shall not be discriminated against or harassed on the basis of race, color, national origin, sex, age, religion, or disability. Federal law also requires that there be no retaliation against any person because the person has opposed unlawful discrimination or harassment; filed a charge of discrimination, or testified or participated in any manner in any investigation, proceeding, or hearing regarding alleged discrimination or harassment.

2. Bayou City Wings is committed to a workplace free of discrimination, harassment and retaliation. It will not tolerate such acts. It supports and will comply with Federal workplace discrimination laws in all respects and will not retaliate against employees who have exercised their rights under the law.

3. Any applicant or employee who wishes to complain of illegal discrimination, harassment or retaliation may make that complaint to the **Bayou City Wings Complaint Hotline, the U.S. Equal Employment Opportunity Commission at** www.eeoc.gov **or to the Texas Workforce Commission at** www.twctexas.gov**.**

SIGNED this _____ day of _____, 2018.

Ten LBS, LTD, by and through its
General Partner, CK1 Enterprises, LLC

_____
Charles Bryan, President

This NOTICE shall remain posted for thirty-six months from the date of signing.